**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE BREED'LOVE,

        Petitioner-Appellant,

v.

MIKE MULLIN, Warden, State of Oklahoma,

        Respondent-Appellee.

No. 05-6026

(D.C. No. 04-CV-826-F)

(W. D. Okla.)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* prisoner appeal under 28 U.S.C. § 2254. Petitioner is currently serving a life sentence for first degree murder. After being sentenced to death in Oklahoma state district court in 1972, Petitioner appealed his sentence to the Oklahoma Court of Criminal Appeals, which modified his death sentence to a term of life imprisonment. Thereafter, Petitioner challenged several aspects of his sentence in a *habeas corpus* petition to the United States District Court for the

Western District of Oklahoma. Adopting the magistrate judge's November 23, 2004, Report and Recommendation, the district court denied all of Petitioner's claims in a January 3, 2005, written order. Several claims were denied on timeliness grounds, and those that were not untimely were dismissed because they were without merit.

Thereafter, Petitioner moved the court for a certificate of appealability, which the district court denied. Petitioner now requests a certificate of appealability from this court. The issues he raises on appeal are identical to those brought before the district court.

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted). When a *habeas* petition is denied by the district court for procedural reasons, as was the case here, Petitioner must clear the added hurdle of showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We have carefully reviewed Petitioner's brief, the district court's

disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons set forth in the magistrate judge's well-reasoned November 23, 2004, Report and Recommendation, which the district court adopted on January 3, 2005, in its order and judgment of dismissal, we cannot say that it is "debatable whether the district court was correct in its procedural ruling." *Id.* Nor can we say "that reasonable jurists could debate whether the petition should have been resolved in a different manner." *Id.*

Accordingly, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We also **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal; we remind him, however, that he must continue making partial payments on court fees and costs previously assessed until they have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge